UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL WITKIN,

    Plaintiff,

  v.

G. SWARTHOUT, et al.,

    Defendants.

No.  2:13-cv-1931 GEB KJN P

ORDER AND ORDER SETTING
SETTLEMENT CONFERENCE

   Plaintiff is a state prisoner, proceeding without counsel.  Motions to modify the discovery and scheduling order are pending.  As set forth below, pending discovery is temporarily stayed, and the dispositive motions deadline vacated, while a settlement conference is conducted.

I. <u>Procedural History</u>

   On January 27, 2016, a discovery and scheduling order issued, setting the discovery deadline for May 20, 2016, and expressly providing that all discovery requests must be served not later than sixty days prior to that deadline.  (ECF No. 36 at 5.)

   On March 11, 2016, a notice of substitution of attorney for defendant Wilkinson was submitted, which did not include a certificate of service on plaintiff.  (ECF No. 37.)  On March 24, 2016, the law firm of Rivera & Associates filed a Notice of Association of Counsel, associating in as counsel for defendant Wilkinson.  (ECF No. 38.)  The certificate of service states that plaintiff was served with the notice of association on March 24, 2016.  (ECF No. 38 at 3.)

On May 12, 2016, an amended notice of substitution of attorney for defendant Wilkinson was filed, but did not include a proof of service on plaintiff. (ECF No. 43.)  The district court issued the order substituting counsel for defendant Wilkinson on May 13, 2016. (ECF No. 45.)

On March 30, 2016, the deputy attorney general filed a motion to modify the scheduling order on behalf of defendants Popovits, Swarthout, Kosher, and Sanchez. (ECF No. 39.)  These defendants sought an extension of time in which to respond to plaintiff's interrogatories and request for production of documents due to ongoing settlement discussions.  (Id.)

On May 9, 2016, the motion to extend discovery was granted, and defendants Popovits, Swarthout, Kosher, and Sanchez were granted until June 15, 2016, in which to provide the discovery responses, and the deadline for filing corresponding motions to compel was extended to June 30, 2016. (ECF No. 41.)

Also on May 9, 2016, plaintiff filed a motion to modify the discovery and scheduling order, signed by him on May 5, 2016, and asked the court to modify the order to include all defendants, or to extend the discovery deadline to enable defendant Wilkinson to respond to plaintiff's second set of interrogatories and request for production of documents.  (ECF No. 42.) Plaintiff states that because he was under the impression that the discovery deadline would be modified by stipulation, he served second sets of discovery requests to defendant Wilkinson on April 14, 2016. (ECF No. 42 at 2.)  However, defendant Wilkinson refused to respond claiming the requests were untimely made.  Plaintiff argues that judicial economy is served by the prompt disclosure of the facts, and contends good cause exists because he has diligently pursued discovery, sought to develop his factual case, and agreed to such an extension with 4 of the 5 defendants. (ECF No. 42.)

In his accompanying declaration, plaintiff avers that he spoke with the deputy attorney general on March 29, 2016, before he received the notice of association of counsel for Wilkinson, and plaintiff and the deputy attorney general agreed to extend the deadline for defendants' discovery responses and schedule a settlement conference. (ECF No. 42 at 4.)  Plaintiff states that he believed the discovery extension applied to all defendants, and did not receive the notice of association until shortly thereafter. (ECF No. 42 at 5.)  On April 14, 2016, plaintiff served

2

1   defendant Wilkinson with a second set of interrogatories and request for production of

2   documents.  Plaintiff claims that based on the March 30, 2016 motion to modify, he believed the

3   new discovery deadline would be June 15, 2016.  In late April, plaintiff claims he received

4   Attorney Paul's letter stating that because plaintiff's second set of discovery requests were

5   untimely, no responses would be provided.  Plaintiff contends that the responses to this second set

6   of discovery requests "are potentially dispositive of the claim against defendant Wilkinson."

7   (ECF No. 42 at 5.)  Plaintiff points out that this is his first request to modify the scheduling order,

8   and that an agreement has already been reached to continue such deadline with four of the five

9   defendants.

10       On May 20, 2016, the deputy attorney general filed a motion to modify the discovery and

11   scheduling order to stay the responses of defendants Popovits, Swarthout, Kosher, and Sanchez to

12   plaintiff's pending discovery requests, and to stay the continued deposition of plaintiff, presently

13   set for June 22, 2016, as well as the dispositive motions deadline, pending the scheduling of a

14   settlement conference.  (ECF No. 46.)

15       On May 23, 2016, defendant Wilkinson filed an opposition to plaintiff's motion, citing the

16   court's order requiring all discovery requests to be filed sixty days prior to May 20, 2016.

17   Defendant Wilkinson points out that the May 9, 2015 order granted the modification solely as to

18   defendants Popovits, Swarthout, Kosher, and Sanchez, and expressly stated that in all other

19   respects the January 27, 2016 discovery and scheduling order remained in effect.  Defendant

20   Wilkinson maintains that plaintiff fails to show good cause why the deadline to propound a

21   second set of discovery requests to defendant Wilkinson should be modified.  Defendant argues

22   that plaintiff's claim that he believed the deputy attorney general was negotiating as to all

23   defendants is fallacious because the substitution of attorney was served on plaintiff on March 11,

24   2016, and the deputy attorney general was negotiating an extension to respond to discovery

25   requests that had already been served, not on requests not yet propounded to defendant

26   Wilkinson.  Moreover, defendant contends that plaintiff does not explain why he did not earlier

27   serve the discovery requests on defendant Wilkinson, and argues that ongoing settlement

28   negotiations do not provide good cause for modifying a scheduling order.  (ECF No. 47 at 4.)

3

On May 23, 2016, defendant Wilkinson filed a statement of non-opposition to the remaining defendants' motion to modify the discovery and scheduling order, on the condition that the modification order is expressly limited to the deadline for the remaining defendants and not defendant Wilkinson.  Specifically, defendant Wilkinson does not agree to reopen discovery or permit plaintiff to move to compel further responses to discovery from defendant Wilkinson.  (ECF No. 48 at 1-2.)

On May 31, 2016, plaintiff filed an opposition to the motion to modify the scheduling order to the extent that such modified order fails to include a provision that defendant Wilkinson respond to the discovery requests propounded on April 14, 2016.  Plaintiff claims that he "discussed these issues with defense counsel on March 29, 2016, and his understanding of that conversation was that the agreed to stipulation would allow him to propound additional discovery without running afoul of the Court's 60 day directive."  (ECF No. 50 at 2.)  Plaintiff contends that if the court is inclined to grant defendants' request, discovery should remain open until such time as defendants feel they can complete it.  Plaintiff argues that the special treatment requested by defendants would unfairly prejudice him, and "would be an unjust reward for his compliance with the original deadlines established by the court."  (ECF No. 50 at 2.)

On June 1, 2016, plaintiff filed a reply to defendant Wilkinson's opposition to plaintiff's motion.  (ECF No. 51.)  Plaintiff contends that under the January 27 scheduling order, it was impossible for plaintiff to propound a second round of discovery after receiving the initial discovery responses.  (ECF No. 51 at 1.)  Plaintiff complains that prisoner litigants do not receive initial disclosures under Rule 26, and contends that other judges provide a far more liberal period for discovery, which he argues is unfair and may violate due process and equal protection.

Plaintiff now claims that defendant Wilkinson is acting in bad faith because during plaintiff's deposition, Attorney Paul told plaintiff that in light of the May 9, 2016 order, Paul would be obtaining the discovery requested on April 14, 2016, from the CSP-Solano litigation coordinator and forwarding it to plaintiff.  (ECF No. 51 at 6.)  Plaintiff claims Paul informed plaintiff that Paul would be attending plaintiff's continued deposition.  Plaintiff contends that if the deputy attorney general had clearly stated that the extension of time for discovery was only

1   for the defendants, and not for plaintiff, he never would have agreed to the stipulation, and avers

2   that this was not his understanding of the discussion.  (ECF No. 51 at 6.)

3          Plaintiff also contends that if defendants are allowed to take his deposition on June 22,

4   plaintiff should be allowed to propound written discovery until 60 days prior to the new deadline

5   set by the court.

6          On June 7, 2016, defendants Popovits, Swarthout, Kosher, and Sanchez filed a reply,

7   confirming that during the March 29, 2016 telephone call plaintiff did not ask for, and defendants

8   did not agree to, a stipulation allowing him to serve additional discovery beyond the discovery

9   deadline.  (ECF No. 52 at 2.)  Rather, the conversation was limited to the discovery requests

10  plaintiff had timely served and the issue of settlement negotiations.  These defendants dispute

11  plaintiff's claim that he will not benefit from the stipulation if he is not allowed to pursue

12  discovery anew; defendants included in the stipulation a provision that he be allowed additional

13  time to move to compel further responses to the pending discovery requests, and note that if the

14  case settles, plaintiff will profit in some way.  (ECF No. 52 at 3.)  Defendants argue that further

15  expenditure of funds in addressing discovery requests could affect the funds available for

16  settlement, which could detrimentally affect their negotiations.  (ECF No. 52 at 3.)

17  II.  Legal Standards

18         "The district court is given broad discretion in supervising the pretrial phase of litigation."

19  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal

20  quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good

21  cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified

22  'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"

23  Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting

24  Johnson, 975 F.2d at 607).

25  III  Discussion

26         It appears that good cause exists to set this matter for settlement conference.  Accordingly,

27  and in light of plaintiff's agreement with the deputy attorney general, the motion of defendants

28  Popovits, Swarthout, Kosher, and Sanchez is granted.  The deadlines for these four defendants to

1    respond to plaintiff's pending discovery requests, for plaintiff to file a motion to compel further

2    responses thereto, and for all defendants to complete plaintiff's deposition, are stayed.  The

3    dispositive motion deadline for all parties is vacated and will be reset, if appropriate, following

4    the settlement conference.

5           Plaintiff's demand that defendant Wilkinson respond to plaintiff's second set of discovery

6    requests, propounded on April 14, 2016, is a different matter.  Plaintiff expresses outrage at

7    defendant Wilkinson's refusal to respond to the discovery requests.  However, on April 14, 2016,

8    when plaintiff propounded the second set of discovery requests, no court order was in place

9    providing for the propounding of further discovery requests beyond March 21, 2016.  Plaintiff did

10   not seek court permission to propound late discovery requests to defendant Wilkinson, and his

11   motion to modify the scheduling order, signed on May 5, 2016, was filed long after the March 21,

12   2016 deadline ran, although it was filed before the discovery deadline expired on May 20, 2016.

13          Plaintiff now claims that it was his understanding that he had negotiated an extension of

14   the discovery period to allow him to propound another round of discovery, but the defendants'

15   motion only addresses the continued deposition of plaintiff, the deadline for filing dispositive

16   motions, and discovery responses to *pending* discovery requests propounded to defendants

17   Popovits, Swarthout, Kosher, and Sanchez.  (ECF No. 46-1.)  There is no mention of re-opening

18   the discovery period to allow additional discovery requests to be propounded to any defendant.

19   However, whether or not plaintiff was under the misapprehension that his agreement with counsel

20   included defendant Wilkinson, such misunderstanding is of no consequence when such agreement

21   was not formalized by court order prior to the service of the second set of discovery requests.

22   Although plaintiff believes that a finding that discovery requests propounded almost 50 days ago

23   are untimely is "really quite absurd" (ECF No. 50 at 2), and unfair, case management deadlines

24   are set by the court, not by the parties.  While parties may stipulate to act outside such deadlines

25   in some instances, and defendant Wilkinson could have voluntarily responded to the untimely

26   discovery requests, plaintiff cannot force him to do so when the requests were not served on or

27   before March 21, 2016, absent a court order extending the discovery deadline.  If plaintiff needed

28   to propound additional discovery but was running out of time, he could have sought court

6

1   intervention rather than simply propounding discovery requests outside of the deadline set by the

2   court.

3        That said, the court expects the parties to cooperate in the discovery process.  In addition,

4   although defendant Wilkinson claims that plaintiff was served with the notice of substitution of

5   counsel on March 11, 2016, there is no certificate of service on file attesting to such service.

6   (ECF Nos. 37, 43.)  In his reply, plaintiff claims it was the association of counsel filing that

7   brought to his attention the possibility that the stipulation did not apply to Wilkinson, which he

8   believes he received in legal mail on March 29, 2016.  (ECF no. 51 at 6.)  The certificate of

9   service appended to the association of counsel notice states that a copy was mailed to plaintiff on

10   March 24, 2016.  (ECF No. 38 at 3.)  However, in this court's experience, mail is frequently

11   delayed in its delivery to prison inmates.  Thus, the instant record does not contradict plaintiff's

12   claim that he did not receive written notice of the association until March 29.  But it remains

13   unclear whether he received the legal mail prior to his phone call with the deputy attorney general

14   because both occurred on the same day, March 29, 2016.

15        In any event, the undersigned finds that plaintiff has not shown good cause at this time for

16   submitting a second round of discovery requests to defendant Wilkinson.  Plaintiff did not

17   provide specific factual support as to why a second round of discovery requests is necessary.  In

18   addition, plaintiff did not provide a copy of the second set of interrogatories or request for

19   production of documents to assist in such determination.  Thus, the court is unable to ascertain

20   whether responses to such discovery would be dispositive of his claims.  On the other hand, it is

21   not clear that plaintiff could not show good cause for the modification, were he provided the

22   opportunity.  Therefore, plaintiff's motion to modify the scheduling order is denied without

23   prejudice to its renewal following the settlement conference, if plaintiff's claims against

24   defendant Wilkinson are not resolved.

25   IV.  Conclusion

26        Accordingly, IT IS HEREBY ORDERED that:

27        1.  The motion to modify the discovery and scheduling order (ECF No. 46), filed by

28   defendants Popovits, Swarthout, Kosher, and Sanchez, is granted;

2.  The deadlines to respond to plaintiff's pending first set of discovery requests propounded to defendants Popovits, Swarthout, Kosher, and Sanchez, and to file related motions to compel further responses, are stayed;

3.  The June 22, 2016 continued deposition of plaintiff is vacated; plaintiff's continued deposition will be reset, if appropriate, following the settlement conference;

4.  The dispositive motions deadline is vacated and will be reset, if appropriate, following the settlement conference;

5.  Plaintiff's motion to modify the discovery deadline to enable him to propound a second round of discovery requests to defendant Wilkinson (ECF No. 42) is denied without prejudice to its renewal fourteen days after the settlement conference, provided plaintiff's claims against defendant Wilkinson are not resolved;

6.  This matter is set for a settlement conference before the undersigned on July 27, 2016, at 9:30 a.m., at the United States District Court, 502 I Street, Sacramento, California 95814 in Courtroom #25;

**7.**  The parties are required to file an election regarding waiver of disqualification, no later than July 11, 2016.[1]  If a party files a notice of non-waiver of disqualification, a randomly selected magistrate judge will be assigned to conduct the settlement conference on a date and time to be determined by the court.

8.  A representative with full and unlimited authority to negotiate and enter into a binding settlement shall attend in person.[2]

---

[1]  A proposed election form is appended to this order.

[2]  While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences. . . ."  United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s].").  The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  Pittman v. Brinker

8

1   Those in attendance must be prepared to discuss the claims, defenses and damages.  The failure of

2   any counsel, party or authorized person subject to this order to appear in person may result in the

3   imposition of sanctions.  In addition, the conference will not proceed and will be reset to another

4   date.

5        9.  The parties are directed to exchange non-confidential settlement statements seven days

6   prior to the settlement conference.  These statements shall simultaneously be delivered to the

7   court using the following email address:  kjnorders@caed.uscourts.gov.  Plaintiff shall mail his

8   non-confidential settlement statement to arrive not less than seven days prior to the settlement

9   conference, addressed to Magistrate Judge Kendall J. Newman, USDC CAED, 501 I Street, Suite

10  4-200, Sacramento, CA 95814.  The envelope shall be marked "Settlement Statement."  If a party

11  desires to share additional confidential information with the court, they may do so pursuant to the

12  provisions of Local Rule 270(d) and (e).

13  Dated:  June 10, 2016

14

15  /witk1931.set                          KENDALL J. NEWMAN
                                           UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

---

25  Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker

26  Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of
    a person with full settlement authority is that the parties' view of the case may be altered during

27  the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited
    dollar amount or sum certain can be found not to comply with the requirement of full authority to

28  settle.  Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL WITKIN,

                Plaintiff,

     v.

G. SWARTHOUT, et al.,

                Defendants.

No.  2:13-cv-1931 GEB KJN P

Election re Waiver of Disqualification

     The parties notify the court of the following election:

     _____ Pursuant to Local Rule 270(b) of the Eastern District of California, the party signing below affirmatively requests that the assigned Magistrate Judge participate in the settlement conference and further, the parties waive any claim of disqualification to the assigned Magistrate Judge trying the case thereafter.

     OR

     _____ The party signing below requests that a different judge hold the settlement conference.

DATED:

_____

By: